UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JUDGE GARDEPHE

15 CV 302

---

FOOT LOCKER CORPORATE SERVICES,
INC. and FOOT LOCKER RETAIL, INC.,

Plaintiffs,

against

VIZANT TECHNOLOGIES, LLC,

Defendant.

---

Civil Action No. _____

**JURY TRIAL DEMANDED**

U.S.D.C. S.D.N.Y.

## COMPLAINT

Plaintiffs Foot Locker Corporate Services, Inc. ("Foot Locker Corporate Services") and Foot Locker Retail, Inc. ("Foot Locker Retail"), collectively "Plaintiffs," by and through their undersigned counsel, K&L Gates LLP, for their Complaint against Vizant Technologies, LLC ("Vizant") allege as follows:

### NATURE OF THE ACTION

1.      This is an action for knowing, willful, and intentional violations of several federal and state intellectual property laws and for breach of contract.  As further detailed herein, Vizant, without authorization, license, or permission – and in direct contravention of a written agreement – infringed the copyright in the iconic "Foot Locker Striper," a well-known graphical work that is a registered work of authorship with the U.S. Copyright Office.  Additionally, and in contravention of the aforementioned written agreement, Vizant improperly reproduced and used in commerce various federally registered service marks owned by Foot Locker Retail.  Vizant's commercial use of the registered service marks violates Sections 32 and 43(a) of the Lanham Act, and New York's unfair competition law.  Finally, Vizant breached its written agreement with Foot Locker Corporate Services by engaging in the aforementioned acts of infringement,

1

and asserting objectively baseless claims for amounts due and owing under the agreement. Plaintiffs seek damages, injunctive relief, and recovery of attorneys' fees and costs due to Vizant's wanton, egregious, and oppressive conduct.

<u>**PARTIES, JURISDICTION, AND VENUE**</u>

2.      Plaintiff Foot Locker Corporate Services is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business in New York, New York with an office in Camp Hill, Pennsylvania.

3.      Plaintiff Foot Locker Retail is a corporation organized and existing under the laws of the State of New York, having its principal place of business in New York, New York.

4.      Vizant is a limited liability company organized and existing under the laws of the State of Delaware.  Upon information and belief, members of Vizant are citizens of at least Pennsylvania and New York.

5.      This Court has subject matter jurisdiction over the copyright infringement claim and the Lanham Act claims pursuant to 28 U.S.C. §§ 1331 and 1338(a).  This Court has supplemental jurisdiction over the state law claims for unfair competition and breach of contract pursuant to 28 U.S.C. § 1367.

6.      This Court has personal jurisdiction over Vizant because it has continuous and systematic contacts with the State of New York and regularly transacts business in this State.  Further, Vizant has knowingly engaged in the acts of infringement, unfair competition, and breach of contract described herein in this State, knowing those acts would cause harm in this State to one, or both, of the Plaintiffs.

7.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b).

## FACTS SUPPORTING CAUSES OF ACTION

### Plaintiffs' Valuable Business and Intellectual Property

8.      Plaintiffs are wholly owned subsidiaries of Foot Locker, Inc., the world's leading retailer of athletic footwear and apparel, operating approximately 3,600 athletic retail stores in 21 countries in North America, Europe and Australia under the brand names, including without limitation, "Foot Locker," "Footaction," "Lady Foot Locker," "Kids Foot Locker," and "Champs Sports."

9.      Foot Locker Corporate Services owns a valid, enforceable, and registered copyright in the iconic Foot Locker Striper graphic design: , hereinafter referred to as the Foot Locker Striper.   A true and correct copy of a screenshot from the Copyright Office's website, www.copyright.gov, showing registration of the Foot Locker Striper is attached hereto as **Exhibit A**.

10.     For decades, Foot Locker Corporate Services and its related entities have used this copyrighted work in promotional and advertising campaigns to promote the Foot Locker goods and services.

11.     Additionally, Foot Locker Retail owns an incontestable federal service mark registration for the Foot Locker Striper design, U.S. Registration No. 1,591,435.  Foot Locker Retail also owns an incontestable federal service mark registration for the stylized design of the "Foot Locker" word mark, U.S. Registration No. 1,032,592.  These marks are collectively referred to hereafter as the "Foot Locker Marks."  True and correct copies of the U.S. Registrations for the Foot Locker Marks are attached as **Exhibit B**.

12.     Plaintiffs have invested an enormous amount of time, money, and resources to promote and develop the goodwill associated with the Foot Locker Marks.  The Foot Locker Marks have

3

become widely recognized and associated as source identifiers for the goods and services offered by Plaintiffs and their related entities.   In addition to the thousands of "brick and mortar" locations where Plaintiffs' goods and services are offered, the Foot Locker Marks are prominently promoted online.  Plaintiffs are also actively engaged in promoting the Foot Locker Marks via social media websites, such as Facebook® and Twitter®.  The official Foot Locker Facebook® page has over 6 million likes, and the Foot Locker Twitter® page has 1.08 million followers.

### Vizant's Conduct Giving Rise to the Claims in this Lawsuit

13.    On May 31, 2013, Vizant (then known as P.E. Systems) and Foot Locker Corporate Services entered into a written "Consulting Agreement."  The parties also entered into a Mutual Confidentiality Agreement.   A true and correct copy of the Consulting Agreement and the Mutual Confidentiality Agreement are attached hereto as **Exhibit C**.  On information and belief, in 2013, P.E. Systems changed its name to Vizant Technologies, LLC.  This name change did not alter any of the legal obligations owed by P.E. Systems, LLC to Foot Locker Corporate Services.

14.    The Consulting Agreement was for services related to merchant processing fees paid by Foot Locker Corporate Services and its affiliates when consumers use charge cards to pay for merchandise at Plaintiffs' retail locations.

15.    The Consulting Agreement provides as follows: "Use of Trademarks, Logos and the Like. [Vizant] agrees and acknowledges that [Vizant] shall not and is not authorized to utilize [Foot Locker's] logos, trademarks or identity in any manner including without limitation, in [Vizant's] Sales Presentation and [Foot Locker's] name in [Vizant's] regular listing of clients."

16.     Foot Locker Corporate Services became aware that Vizant breached the above portion of the Consulting Agreement by prominently placing the Foot Locker Marks, including the Foot Locker Striper work, on the top center portion of Vizant's "Our Clients" section of the Vizant webpage. A true and correct copy of this portion of the Vizant.com website on July 31, 2014 is attached as **Exhibit D**.

17.     Vizant also breached the "Use of Trademarks, Logos and the Like" provision of the Consulting Agreement by listing Foot Locker, Kids Foot Locker, and Lady Foot Locker in Vizant's "Retail Stores & Online Retail" client listing portion of the Vizant website. A true and correct copy of this portion of the Vizant.com website on July 31, 2014 is attached as **Exhibit E**.

18.     As such, Vizant has used the Foot Locker Marks, or marks that are strikingly similar to the Foot Locker Marks, including the Foot Locker Striper, as advertisements on its website, Vizant.com. Vizant displayed the Foot Locker Marks on its website to purposefully advertise that Plaintiffs endorse and sponsor Vizant's services.

19.     At no time was Vizant authorized to display the Foot Locker Marks or advertise that Plaintiffs endorse or sponsor Vizant's services.

20.     Despite never having authority to use the Foot Locker Marks, Vizant used the Foot Locker Marks to advertise a false designation of origin between Plaintiffs and Vizant.

21.     By utilizing the Foot Locker Marks on its website to advertise a false designation of origin between Plaintiffs and Vizant, Vizant's use is likely to cause confusion, or to cause mistake, or to deceive consumers.

22.     In addition to the aforementioned conduct, Vizant has made objectively baseless claims for payment of monies due and owing under the Consulting Agreement. By way of example only, Vizant issued Invoice No. FLCS-REF2 to Foot Locker Corporate Services for a

5

"Professional Services Fee" in the amount of $851,726.59. A true and correct copy of this invoice is attached hereto as **Exhibit F**. Vizant had no reasonable basis for issuing this invoice and even Vizant CEO Joseph Bizzarro has admitted the invoice was issued simply to "get Foot Locker's attention."

23.     After continued harassment and unprofessional conduct by Vizant, Foot Locker terminated the Consulting Agreement on July 31, 2014. A true and correct copy of this July 31, 2014 termination letter is attached hereto as **Exhibit G**. Shockingly, Vizant's concocted claims for payment of monies did not stop, even after termination of the parties' agreement. Instead, on August 31, 2014, Vizant issued Invoice No. FL-SC 9-12 to Foot Locker Corporate Services for purported "Professional Services" provided by Vizant for an additional amount due and owing of $503,863.85. A true and correct copy of this invoice is attached hereto as **Exhibit H**.

**COUNT I**
**COPYRIGHT INFRINGEMENT**

24.     Plaintiffs re-allege the allegations set forth in Paragraphs 1 through 23 above, as if fully set forth here.

25.     Foot Locker Corporate Services is the author and owner of the Foot Locker Striper.

26.     The Foot Locker Striper is an original work of authorship and is copyrightable subject matter under applicable law immediately upon creation.

27.     The Foot Locker Striper is registered with the United States Copyright Office under Reg. No. VA0001936780, which is a valid registration.

28.     Unbeknownst to Foot Locker Corporate Services, Vizant reproduced a copy of the Foot Locker Striper and displayed that copy on Vizant's website, Vizant.com.

29.     These acts constitute copyright infringement in violation of the Copyright Act, 17 U.S.C. § 501.

30.    Vizant was never authorized to reproduce or display the Foot Locker Striper.

31.    By reason of the foregoing, Plaintiff Foot Locker Corporate Services has been and will continue to be irreparably harmed and damaged.  Plaintiff Foot Locker Corporate Services' remedies at law are inadequate to compensate for this harm and damage.

## COUNT II
## SERVICE MARK INFRINGEMENT (15 U.S.C. § 1114)

32.    Plaintiffs re-allege the allegations set forth in Paragraphs 1 through 31 above, as if fully set forth here.

33.    Foot Locker Retail owns valid and incontestable service mark rights in the Foot Locker Marks, as registered with the United States Patent and Trademark Office under Registration Numbers 1,591,435 and 1,032,592.

34.    Vizant has used the Foot Locker Marks in commerce in connection with its online advertisement of services.

35.    Vizant's use of the Foot Locker Marks is likely to cause confusion, or to cause mistake, or to deceive consumers, in violation of the Lanham Act, 15 U.S.C. § 1114.

36.    Vizant has not been licensed or otherwise authorized to use the Foot Locker Marks, and in fact Vizant was contractually prohibited from doing so.

37.    By reason of the foregoing, Plaintiff Foot Locker Retail has been and will continue to be irreparably harmed and damaged.  Plaintiff Foot Locker Retail's remedies at law are inadequate to compensate for this harm and damage.

## COUNT III
## FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125)

38.    Plaintiffs re-allege the allegations set forth in Paragraphs 1 through 37 above, as if fully set forth here.

39.   Plaintiff Foot Locker Retail owns valid service mark rights in the Foot Locker Marks, and both Plaintiffs Foot Locker Retail and Foot Locker Corporate Services have a right to use the Foot Locker Marks and have a beneficial interest therein.

40.   Vizant has used the Foot Locker Marks in commerce in connection with Vizant's online advertisement of services, as described above.

41.   Vizant's use of the Foot Locker Marks in its online advertisement creates a false designation of origin between Vizant and Plaintiffs in violation of the Lanham Act, 15 U.S.C. § 1125(a).

42.   Vizant has not been licensed or otherwise authorized to use the Foot Locker Marks, and in fact Vizant was contractually prohibited from doing so.

43.   By reason of the foregoing, Plaintiffs have been and will continue to be irreparably harmed and damaged.  Plaintiffs' remedies at law are inadequate to compensate for this harm and damage.

## COUNT IV
## UNFAIR COMPETITION (NEW YORK COMMON LAW)

44.   Plaintiffs re-allege the allegations set forth in Paragraphs 1 through 43 above, as if fully set forth here.

45.   Plaintiff Foot Locker Retail owns valid service mark rights in the Foot Locker Marks, and both Plaintiffs Foot Locker Retail and Foot Locker Corporate Services have a right to use the Foot Locker Marks and have a beneficial interest therein.

46.   Vizant has used the Foot Locker Marks in commerce in connection with its online advertisement of services, as described above.

47.   Vizant's use of the Foot Locker Marks in its online advertisement is likely to cause confusion or mistake in the mind of the public.

48.     Vizant's use of the Foot Locker Marks constitutes bad faith because Vizant used the Foot Locker Marks in spite of its contractual obligation prohibiting such use.

49.     Vizant had actual knowledge that it was prohibited from using the Foot Locker Marks but used those marks anyway.

50.     Thus, Vizant's actions constitute unfair competition in violation of New York common law.

51.     By reason of the foregoing, Plaintiffs have been and will continue to be irreparably harmed and damaged.  Plaintiffs' remedies at law are inadequate to compensate for this harm and damage.

## COUNT V
## BREACH OF CONTRACT (WASHINGTON LAW)

52.     Plaintiffs re-allege the allegations set forth in Paragraphs 1 through 51 above, as if fully set forth here.

53.     Plaintiff Foot Locker Corporate Services and P.E. Systems LLC, now Vizant, entered into a valid contract referred to herein as the Consulting Agreement.

54.     P.E. Systems changed its name to Vizant Technologies, LLC in 2013.  This name change did not alter any of the legal obligations owed by P.E. Systems, LLC to Foot Locker Corporate Services.

55.     The Consulting Agreement provides that all provisions of the agreement will be governed by the laws of the State of Washington.

56.     The Consulting Agreement provides that "[Vizant] agrees and acknowledges that [Vizant] shall not and is not authorized to utilize [Foot Locker's] logos, trademarks or identity in any manner including without limitation, in [Vizant's] Sales Presentation and [Foot Locker's] name in [Vizant's] regular listing of clients."

9

57.     Vizant materially breached the Consulting Agreement when it prominently placed the Foot Locker Marks, including the Foot Locker Striper work, on the top center portion of Vizant's "Our Clients" section of the Vizant webpage.

58.     Vizant also breached the Consulting Agreement when it listed Foot Locker, Kids Foot Locker, and Lady Foot Locker in Vizant's "Retail Stores & Online Retail" client listing portion of the Vizant website.

59.     Vizant also breached its implied covenant of good faith and fair dealing by making objectively baseless claims for payment of monies due and owing under the Consulting Agreement as described herein.  By making these baseless claims for payment, Vizant did not cooperate with Foot Locker Corporate Services so that Foot Locker Corporate Services could obtain the full benefit of performance from Vizant.

60.     Plaintiff Foot Locker Corporate Services performed its obligations under the Consulting Agreement.

61.     Plaintiff Foot Locker Corporate Services suffered damages as a result of Vizant's breaches of contract, including but not limited to loss of licensing fees and damage to Plaintiff Foot Locker Corporate Service's goodwill and reputation.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that this Court enter judgment in their favor on each and every claim for relief set forth above and award them relief including, but not limited to, the following:

A.     That Vizant be permanently enjoined from infringing the Foot Locker Striper copyright;

B.     That Vizant be permanently enjoined from infringing the Foot Locker Marks, creating a false designation of origin between Plaintiffs and Vizant, and unfairly competing with Plaintiffs;

C.     That Vizant be ordered to pay damages, including but not limited to Vizant's profits and Plaintiffs' actual damages for Vizant's copyright and service mark infringement, creation of a false designation of origin, and unfair competition;

D.     That the damages for Vizant's violation of the Lanham Act be trebled under 15 U.S.C. § 1117;

E.     That Vizant be ordered to pay damages for its breaches of contract against Foot Locker Corporate Services;

F.     That Vizant be ordered to pay Plaintiffs' costs and attorneys' fees in this action pursuant to 15 U.S.C. § 1117; and

G.     Awarding such other relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiffs hereby demand a trial by jury of all issues so triable.

Dated:  New York, New York
        January 15, 2015

K&L GATES LLP

By: _____
Eric A. Prager
Sarah P. Kenney
599 Lexington Avenue
New York, New York 10022
Tel: (212) 536 3900
Fax: (212) 536-3901
eric.prager@klgates.com
sarah.kenney@klgates.com

J. Michael Keyes (*pro hac vice*
application to be filed)
618 West Riverside Avenue
Suite 300
Spokane, WA 99201-5102
Tel:  509.624.2100
Fax: 509.456.0146
mike.keyes@klgates.com
*Counsel for Plaintiffs Foot Locker*
*Retail, Inc. & Foot Locker Corporate*
*Services, Inc.*